**KEITH D. KARNES**, OSB No. 033521
keith@rankkarneslaw.com
**KEEGAN F. RANK**, OSB No. 186189
keegan@rankkarneslaw.com
Rank & Karnes Law, PC
2701 12th St. NE
Salem, OR 97302
Tel: 503-385-8888
Fax: (503) 385-8899

UNITED STATES BANKRUPTCY COURT

DISTRICT OF OREGON

| | |
|---|---|
| IN RE:<br><br>STEVEN ALAN STEIN and TERRA LYN STEIN,<br><br>Debtors. | Case No. 09-65587-dwh13<br><br>Adv. Pro. No. 22-06012-dwh |
| TERRA LYN STEIN,<br><br>Plaintiff,<br><br>v.<br><br>NATIONAL COLLEGIATE STUDENT LOAN TRUST 2006-2, a Delaware Statutory Trust(s); and NATIONAL COLLEGIATE STUDENT LOAN TRUST 2007-3, a Delaware Statutory Trust(s),<br><br>Defendants. | MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT |

### INTRODUCTION

In this adversary proceeding, Plaintiff Terra Lynn Stein ("Plaintiff") ultimately seeks to have two student loans owed to National Collegiate Student Loan Trust 2006-2, a Delaware

Page 1 – MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

**Rank & Karnes Law, P.C.**
2701 12th Street SE
Salem, OR 97302
Telephone (503) 385-8888
Facsimile (503) 385-8899

Case 09-65587-dwh13    Doc 80    Filed 07/25/22

Statutory Trust(s) ("Trust 2006-2"), and National Collegiate Student Loan Trust 2007-3, a Delaware Statutory Trust(s) ("Trust 2007-3") (collectively, "Defendants"), declared dischargeable and have any collected funds obtained by Defendants returned to her. Plaintiff's former student loans owed to Defendants were discharged when she received the Chapter 13 Order Re: Discharge of Debtor(s); and Order Discharging Trustee and Closing Date ("Discharge Order") in her bankruptcy case because they were not student loans of the kind excepted from discharge in the Bankruptcy Code. Despite obtaining a discharge in her bankruptcy case, Defendants have and continue to collect the debt from Plaintiff.

This adversary proceeding was filed contemporaneously with a Motion for Contempt in Plaintiff's underlying bankruptcy case. While these are two separate actions, the Motion for Contempt is dependent on the outcome of this adversary proceeding.

Since the Bankruptcy Code specifies what debts are excepted from discharge, including certain types of student loans, the Court should enter an order declaring that the loans at issue are dischargeable under 11 U.S.C. § 523(a)(8) and that any funds collected by Defendants since the Discharge Order be returned to Plaintiff.

## LEGAL STANDARD

Summary judgment is appropriate where "there is no genuine issue as to any material fact and the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. 56(c). The initial burden is on the moving party to point out the absence of any genuine issue of material fact. Once the initial burden is satisfied, the burden shifts to the opponent to demonstrate through the production of probative evidence that there remains an issue of fact to be tried. *Celotex Corp. v. Catrett*, 477 US. 317, 323 (1986).

Page 2 – MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

**Rank & Karnes Law, P.C.**
2701 12th Street SE
Salem, OR 97302
Telephone (503) 385-8888
Facsimile (503) 385-8899

Case 09-65587-dwh13    Doc 80    Filed 07/25/22

Rule 56(c) mandates the entry of summary judgment against a party who fails to make a showing sufficient to establish the existence of an essential element to that party's case, and on which that party will bear the burden of proof at trial. The moving party is "entitled to a judgment as a matter of law" if the nonmoving party fails to make a sufficient showing on an essential element of the case with respect to which it has the burden of proof." *Id.* at 323. There is also no genuine issue of fact if, on the record taken as a whole, a rational trier of fact could not find in favor of the party opposing the motion. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986); *Taylor v. List*, 880 F.2d 1040 (9th Cir. 1989).

ARGUMENT

The Court should grant Plaintiff's Motion for Summary Judgment because there is no genuine issue of material fact and she is entitled to judgment as a matter of law in her favor, declaring that Plaintiff's student loans from Defendants were discharged and ordering the return of any funds collected by Defendants after the Discharge Order. In the Bankruptcy Code, certain types of debts are excepted from discharge at the completion of a bankruptcy case under chapter 13, including specific classifications of educational debt, provided for in the 11 U.S.C. § 523. More specifically:

> A discharge under section . . . 1328(b) of this title does not discharge an individual debtor from any debt—
> . . .
> (8) unless excepting such debt from discharge under this paragraph would impose an undue hardship on the debtor and the debtor's dependents, for—
> (A)(i) an educational benefit overpayment or loan made, insured, or guaranteed by a governmental unit, or made under any program funded in whole or in part by a governmental unit or nonprofit institution; or
> (ii) an obligation to repay funds received as an educational benefit, scholarship, or stipend; or
> (B) any other educational loan that is a qualified education loan, as defined in section 221(d)(1) of the Internal Revenue Code of 1986, incurred by a debtor who is an individual;

Page 3 – MEMORANDUM IN SUPPORT
OF PLAINTIFF'S MOTION FOR
SUMMARY JUDGMENT

Rank & Karnes Law, P.C.
2701 12th Street SE
Salem, OR 97302
Telephone (503) 385-8888
Facsimile (503) 385-8899

11 U.S.C. § 523(a). The Bankruptcy Appellate Panel ("BAP") for the Ninth Circuit has stated this provision essentially excepts four types of educational debts from discharge:

> (1) loans made, insured, or guaranteed by a governmental unit; (2) loans made under any program partially or fully funded by a governmental unit or nonprofit institution; (3) claims for funds received as an educational benefit, scholarship, or stipend; and (4) any "qualified educational loan" as that term is defined in the Internal Revenue Code.

*In re Kashikar*, 567 B.R. 160, 165 (B.A.P. 9th Cir. 2017) (quoting *Institute of Imaginal Studies v. Christoff (In re Christoff)*, 528 B.R. 624, 632 (B.A.P. 9th Cir. 2015)). These exceptions to the discharge of student debt, however, do not apply to Plaintiff's student loans owed to Defendants prior to her bankruptcy.

When there is an issue as to whether a student loan is excepted from discharge under 11 U.S.C. § 523(a)(8), the "lender has the initial burden to establish the existence of the debt and that the debt is an educational loan within the statute's parameters." *Roth v. Educ. Credit Mgmt. Corp. (In re Roth)*, 490 B.R. 908, 916 (B.A.P. 9th Cir. 2013). If the lender establishes that fact, then the burden shifts to the debtor to show there is an undue hardship if the loan is discharged. *Id.* at 17. Defendants, however, have not shown and cannot show that the debt owed by Plaintiff was of an educational loan or benefit of the kind described in section 523(a)(8). Instead, the two student loans owed to the Defendants are dischargeable and should have been treated as discharged debt at the end of Plaintiff's bankruptcy.

**I.     Plaintiff's Loans Were Not Made, Insured, or Guaranteed by a Governmental Unit**

Both of Plaintiff's loans originated with private lenders, BOA and Charter One, and therefore are not excepted from discharge under the provision in 11 U.S.C. 523(a)(8)(A)(i) excepting from discharge loans made, insured, or guaranteed by a governmental unit. Defendants

Page 4 – MEMORANDUM IN SUPPORT
OF PLAINTIFF'S MOTION FOR
SUMMARY JUDGMENT

**Rank & Karnes Law, P.C.**
2701 12th Street SE
Salem, OR 97302
Telephone (503) 385-8888
Facsimile (503) 385-8899

Case 09-65587-dwh13    Doc 80    Filed 07/25/22

are both private, for-profit commercial enterprises that are not considered governmental units. Therefore, this provision from 11 U.S.C. § 523(a)(8)(A)(i) does not except these loans from discharge.

## II. Plaintiff's Loans Were Not Made Under a Program That Was Partially Funded by a Governmental Unit or Nonprofit

There is no evidence that either of the loans at issue was partially or fully funded by a governmental unit or nonprofit that would except them from discharge under 11 U.S.C. § 523(a)(8)(A)(i). While it is likely Defendants may argue that this provision should be read broadly, including the definition of "funded," case law requires the court to examine the context of the entire statute and the language of its specific provisions. In the context of the relevant provision, courts "must limit the provisions granting exceptions to discharge to those plainly expressed in § 523." *Christoff*, 527 B.R. at 629 (referencing *Bullock v. BankChampaign, N.A.*, 569 U.S. 267, 275 (2013). Furthermore, any such "exceptions [in section 523] to the broad presumption in favor of discharge are to be interpreted narrowly." *Hawkins v. Franchise Tax Bd. of Cal.*, 769 F.3d 662, 666 (9th Cir. 2014). For these reasons, courts have been instructed to "construe exceptions to discharge strictly against a creditor and liberally in favor of the debtor." *Grogan v. Garner*, 498 U.S. 279, 286–87 (1991).

Within the context of section 523, the analysis turns to the plain meaning of the language in the Bankruptcy Code. *United States v. Ron Pair Enters.*, 489 U.S. 235, 241 (1989). When a word is not defined in the statute, it must be construed "in accordance with its ordinary or natural meaning." *FDIC v. Meyer*, 510 U.S. 471, 476 (1994). In this case, "funded" is not statutorily defined. This then requires looking at the "language itself, the specific context in which that language is used, and the broader context of the statute as a whole." *Robinson v. Shell Oil Co.*,

Page 5 – MEMORANDUM IN SUPPORT
OF PLAINTIFF'S MOTION FOR
SUMMARY JUDGMENT

**Rank & Karnes Law, P.C.**
2701 12th Street SE
Salem, OR 97302
Telephone (503) 385-8888
Facsimile (503) 385-8899

Case 09-65587-dwh13    Doc 80    Filed 07/25/22

519 U.S. 337, 341 (1997). A court may also "resort to a dictionary to determine the plain meaning of a term undefined by a statute." *San Jose Christian College v. City of Morgan Hill*, 360 F.3d 1024, 1034 (9th Cir. 2010). The definition of "funded," turns to the definition of "fully funded," a descriptor for "[h]aving completely satisfied a funding requirement; paid." *Fully Funded*, Black's Law Dictionary (11th ed. 2019). The plain meaning of this provision in 11 U.S.C. § 523(a)(8)(A)(i), using the common meaning of "funded," only excepts student loans from discharge that were partially or fully "paid," or had their "funding satisfied" by a governmental unit or nonprofit.

The evidence in this case shows that the student loans obtained by Plaintiff were provided and funded entirely by Charter One and BOA, both private, for-profit lenders. Subsequently, the loans were assigned to Defendants, another private, for-profit business engaged in the lending and servicing of loans. At no point, however, were the loans paid or satisfied by a governmental unit or nonprofit.

The only governmental unit or nonprofit involved with these loans is TERI, which acted as the guarantor for the loans. There is not, however, evidence of whether TERI partially or fully funded them. Instead, evidence only shows that TERI entered into agreements with Defendants and their predecessors to guarantee the loans. Furthermore, TERI's Disclosure Statement from its own bankruptcy case clearly states that it only guarantees student loans, not fund them.

Even if Defendants argue that U.S.C. § 523(a)(8)(A)(i) requires "funded" to be broadly read to include actions such as guaranteeing a loan by a nonprofit like TERI, their interpretation will contravene the purpose of the bankruptcy discharge. Section 523 is read narrowly and in favor of the debtor to protect his or her discharge. Furthermore, the plain meaning of the "funded" provision, in the context of other portions of 11 U.S.C. § 523(a)(8), fails to encompass

Page 6 – MEMORANDUM IN SUPPORT
OF PLAINTIFF'S MOTION FOR
SUMMARY JUDGMENT

**Rank & Karnes Law, P.C.**
2701 12th Street SE
Salem, OR 97302
Telephone (503) 385-8888
Facsimile (503) 385-8899

actions such as guaranteeing a loan. As such, Plaintiff's student loans with Defendants are not loans partially or fully funded by a governmental unit or nonprofit entity under the statute and are therefore dischargeable.

### III. Plaintiff's Loans Cannot Be Considered Funds Received as an Educational Benefit, Scholarship, or Stipend

Plaintiff's loans cannot be considered funds received as an educational benefit, scholarship, or stipend under 11 U.S.C. § 523(a)(8)(A)(ii) because private student loans are not subject to this provision. Claims for funds received as an educational benefit, scholarship, or stipend do not include student loans because these types of loans are not considered an "educational benefit." *In re Kashikar*, 567 B.R. 160, 166–67 (B.A.P. 9th Cir. 2017). Moreover, this provision

> excepts from discharge only those debts that arise from "an obligation to repay funds received as an educational benefit," and must therefore be read as a separate exception to discharge as compared to that provided in § 523(a)(8)(A)(i) for a debt for an "educational overpayment or loan" made by a governmental unit or nonprofit institution or, in § 523(a)(8)(B), for a "qualified education loan."

*In re Christoff*, 527 B.R. 624, 634 (B.A.P. 9th Cir. 2015). For that reason, section 523(a)(8)(A)(ii) "is not a 'catch-all' provision designed to include every type of credit transaction that bestows an educational benefit on a debtor." *Id.* at 634 n.9. Section 523(a)(8)(A)(ii) only excepts from discharge "educational debts, other than loans." *In re Dufrane*, 566 B.R. 28, 40 (Bankr. C.D. Cal. 2017) (emphasis added). Therefore, 523(a)(8)(A)(ii) does not except Plaintiff's loans from discharge.

### IV. Plaintiff's Loans are Not "Qualified Education Loans" as Defined by the Internal Revenue Code

Under 11 U.S.C. § 523(a)(8)(B), "any other educational loan that is a qualified education loan, as defined in section 221(d)(1) of the Internal Revenue Code of 1986, incurred by a debtor

Page 7 – MEMORANDUM IN SUPPORT
OF PLAINTIFF'S MOTION FOR
SUMMARY JUDGMENT

**Rank & Karnes Law, P.C.**
2701 12th Street SE
Salem, OR 97302
Telephone (503) 385-8888
Facsimile (503) 385-8899

Case 09-65587-dwh13    Doc 80    Filed 07/25/22

who is an individual" may be excepted from discharge. The definition of a qualified education loan in the Internal Revenue Code is:

> Any indebtedness incurred by the taxpayer solely to pay qualified higher education expenses—(A) which are incurred on behalf of the taxpayer ... as of the time the indebtedness was incurred, (B) which are paid or incurred within a reasonable period of time before or after the indebtedness is incurred, and (C) which are attributable to education furnished during a period during which the recipient was an eligible student.

26 U.S.C. § 221(d)(1). A qualified higher education expense is further defined as the "cost of attendance . . . at an eligible educational institution." *Id.* § 221(d)(2). "Cost of attendance" is then defined as "tuition and fees normally assess a student carrying the same academic workload as determined by the institution," as well as allowances for associated costs. 20 U.S.C. § 1087ll(1)–(3). The cost of attendance may be adjusted for reasons such as students who are attending an educational institution less than half-time. *Id.* § 1087ll(4).

Plaintiff's two loans with Defendants should not be considered qualified education loans because they were not taken out to pay for higher education expenses. The two loans with Defendants greatly exceeded the cost of attendance at both CCC and WOU, both public institutions with low costs of attendance, including tuition, fees, transportation, and housing. The loan with Trust 2006-2, for example, was for $14,000 during the listed academic period of "04/2006–06/2006" on the original loan agreement, an amount greatly exceeding the cost of Plaintiff's attendance at that time. Plaintiff received the subsequent loan from Trust 2007-3 for $25,000, which was then for the academic period of "07/2007–05/2008." This loan was made while Plaintiff was attending WOU and it also greatly exceeded Plaintiff's cost of attendance. During this time, tuition and fee rates for full-time resident, undergraduate students for the same academic period were no more than $5,982. Furthermore, these loans were provided in addition

Page 8 – MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

**Rank & Karnes Law, P.C.**
2701 12th Street SE
Salem, OR 97302
Telephone (503) 385-8888
Facsimile (503) 385-8899

Case 09-65587-dwh13    Doc 80    Filed 07/25/22

to the other student loans and sources of financial aid that Plaintiff had already received, including scholarships and other financial aid, making their amounts even more disproportionate to the actual cost of attendance.

Therefore, Plaintiff's loans are not excepted from discharge because they cannot be considered qualified educational loans under the Internal Revenue Code. Both loans far exceeded the actual cost of attendance at both CCC and WOU, making both dischargeable under 11 U.S.C. § 523(a)(8)(B) during Plaintiff's bankruptcy.

## CONCLUSION

Section 523(a)(8) in the Bankruptcy Code excepts certain types of educational debts from a discharge under chapter 13 depending on the type of debt and how it was provided. None of these exceptions, however, apply to Plaintiff's student loans with Defendants. First, neither loan is an educational benefit, overpayment, or loan made, insured, or guaranteed by a governmental unit. Second, the loans were not fully or partially funded by a governmental unit or nonprofit per the language of the statute and the terms of the loans. Third, Plaintiff's student loans cannot be considered an educational benefit, scholarship, or stipend. Finally, the loans are not considered "qualified education loans" due to greatly exceeding Plaintiff's cost of attendance at the time the loans were taken out.

None of the exceptions under section 523 apply to Plaintiff's student loans with Defendants. Therefore, Plaintiff respectfully requests the Court to grant this motion on all four claims in the Complaint, finding and declaring that the student loans are dischargeable and that any funds collected post-petition to satisfy the debt be returned to Plaintiff.

///

///

Page 9 – MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

**Rank & Karnes Law, P.C.**
2701 12th Street SE
Salem, OR 97302
Telephone (503) 385-8888
Facsimile (503) 385-8899

Dated July 25, 2022

                          /s/ Keith D. Karnes
                          Keith D. Karnes OSB # 033521
                          Attorney for Plaintiff

Page 10 – MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

Rank & Karnes Law, P.C.
2701 12th Street SE
Salem, OR 97302
Telephone (503) 385-8888
Facsimile (503) 385-8899

Case 09-65587-dwh13    Doc 80    Filed 07/25/22

# CERTIFICATE OF SERVICE

I, Keith Karnes, certify that I filed the forgoing document via CM/ECF which will in turn serve:

JOE LOZANO    notice@bkcylaw.com

ERIC A MARSHACK    eric.marshack@gmail.com, eric.marshack@mtglawfirm.com; ecf@mtglawfirm.com

JAMES K MIERSMA    bknotice@mccarthyholthus.com, vmcelligott@mccarthyholthus.com; jmiersma@ecf.courtdrive.com

KRISTIN E OLSEN    ConfirmKristin@cs.com

ROBERT E SABIDO    rsabido@cosgravelaw.com, dslaughter@cosgravelaw.com; sbatman@cosgravelaw.com

US Trustee, Eugene    USTPRegion18.EG.ECF@usdoj.gov

By First Class Mail:

Brian D. Roth
Sessions Israel & Shartle
3850 N. Causeway Blvd.
Suite 200
Metairie, LA 70002

CitiMortgage, Inc.
POB 6030
Sioux Falls, SD 57117-6030

Wells Fargo Home Mortgage
3476 Stateview Blvd
Fort Mill, SC 29715

DATED July 25, 2022.

/s/ Keith D. Karnes
Keith D. Karnes, OSB # 03352
Attorney for Debtor Terra Stein

Page 11 – MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

Rank & Karnes Law, P.C.
2701 12th Street SE
Salem, OR  97302
Telephone (503) 385-8888
Facsimile (503) 385-8899

Case 09-65587-dwh13    Doc 80    Filed 07/25/22