Robert E. Sabido, OSB No. 964168
rsabido@cosgravelaw.com
COSGRAVE VERGEER KESTER LLP
900 SW Fifth Avenue, 24th Floor
Portland, Oregon 97204
Telephone: (503) 323-9000
Facsimile: (503) 323-9019

Brian D. Roth (Admitted *Pro Hac Vice*)
broth@sessions.legal
Justin Harris Homes (Admitted *Pro Hac Vice*)
jhomes@sessions.legal
SESSIONS, ISRAEL & SHARTLE
3850 N. Causeway Blvd., Suite 200
Metairie, Louisiana 70002
Telephone: (504) 828-3700
Facsimile: (504) 828-3737

Attorneys for Defendants National Collegiate Student Loan Trust 2006-2
and National Collegiate Student Loan Trust 2007-3

UNITED STATES BANKRUPTCY COURT

DISTRICT OF OREGON

| | |
|---|---|
| In Re<br><br>STEVEN ALAN STEIN and TERRA LYN STEIN,<br><br>Debtors,<br><br>TERRA LYN STEIN,<br><br>Plaintiff,<br><br>v.<br><br>NATIONAL COLLEGIATE STUDENT LOAN TRUST 2006-2, a Delaware Statutory Trust; and NATIONAL COLLEGIATE STUDENT LOAN TRUST 2007-3, a Delaware Statutory Trust,<br><br>Defendants. | Case No. 09-65587-dwh13<br><br>Adv. Proc. No. 22-06012-dwh<br><br>**DEFENDANTS' RESPONSE TO PLAINTIFF'S STATEMENT OF FACTS IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT** |

Page 1 - **DEFENDANTS' RESPONSE TO PLAINTIFF'S STATEMENT OF FACTS IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT**

Cosgrave Vergeer Kester LLP
900 SW Fifth Avenue, 24th Floor
Portland, Oregon 97204
Telephone: (503) 323-9000
Facsimile: (503) 323-9019

Case 09-65587-dwh13    Doc 87    Filed 08/08/22

Defendants National Collegiate Student Loan Trust 2006-2 ("NCSLT 2006-2") and National Collegiate Student Loan Trust 2007-3 ("NCSLT 2007-3") (collectively "Defendants"), pursuant to LBR 7056-1(b), submit this Response to the Statement of Facts in Support of Plaintiff's Motion for Summary Judgment (Adv. Doc. 17).

**1**. Before filing for bankruptcy relief, Plaintiff was a student attending Chemeketa Community College ("CCC") and Western Oregon University ("WOU"). Pl's Decl. Supp. Mot. Summ. J., ¶ 2.

**Response:** Accepted.

**2**. Plaintiff helped fund her education by taking out various student loans, including both private and public loans. *Id.*

**Response:** Denied for lack of knowledge except to admit Plaintiff obtained the loans that are the subject of this adversary proceeding in order to fund the cost of attendance at the respective schools.

**3**. Plaintiff received financial assistance, including tuition scholarships. *Id.*

**Response:** Denied for lack of knowledge except to admit Plaintiff obtained the subject loans to fund the cost of attendance at the respective schools.

**4**. On March 15, 2006, Plaintiff took out a $14,000 private loan with Charter One Bank, N.A ("Charter One"). *Id.* at ¶ 3.

**Response:** Accepted.

**5**. At the time of the Charter One loan, Plaintiff was attending classes at CCC in Salem, Oregon, and the loan specified that it was for the academic period of "04/2006–06/2006." *Id.*

**Response:** Accepted.

**6**. The Charter One loan was significantly higher than Plaintiff's cost of attendance at CCC. *Id.* at ¶ 4.

Page 2 -   **DEFENDANTS' RESPONSE TO PLAINTIFF'S STATEMENT OF FACTS IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT**

Cosgrave Vergeer Kester LLP
900 SW Fifth Avenue, 24th Floor
Portland, Oregon 97204
Telephone: (503) 323-9000
Facsimile: (503) 323-9019

Case 09-65587-dwh13    Doc 87    Filed 08/08/22

**Response**: Denied. Cost of attendance includes numerous expenditures and costs in addition to tuition and fees. *See* 26 U.S.C. § 221(d)(1); 20 U.S.C. § 1087ll.

7. Plaintiff later began attending classes at WOU in Monmouth, Oregon starting in the fall of 2006. *Id*. at ¶ 5.

**Response**: Accepted.

8. On July 18, 2008, while attending classes at WOU, she took out another private loan from Bank of America, N.A. ("BOA") for $25,000. *Id*. at ¶ 6. This time, the loan was for the academic period of "07/2007–05/2008." *Id*.

**Response**: Accepted.

9. The BOA loan was also much higher than Plaintiff's cost of attendance at WOU, where tuition and fees cost no more than $5,982 per year during her time of attendance. *Id*. at ¶ 7.

**Response**: Denied. Cost of attendance includes numerous expenditures and costs in addition to tuition and fees. *See* 26 U.S.C. § 221(d)(1); 20 U.S.C. § 1087ll.

10. Plaintiff filed for bankruptcy relief under chapter 13 on October 15, 2009, with her then-spouse. *Id*. at ¶ 8.

**Response**: Accepted.

11. Listed in Plaintiff's bankruptcy schedules were the two student loans with BOA and Charter One. *Id*. at ¶ 9.

**Response**: Accepted.

12. Shortly after filing, creditor "National Collegiate Trust" filed a proof of claim in the case for an unsecured non-priority claim of $52,494.28 for the two loans taken out by Plaintiff. *Id*. at ¶ 10. Attached to the claim were the signature pages of the two loans. *Id*.

**Response**: Accepted.

Page 3 - **DEFENDANTS' RESPONSE TO PLAINTIFF'S STATEMENT OF FACTS IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT**

Cosgrave Vergeer Kester LLP
900 SW Fifth Avenue, 24th Floor
Portland, Oregon 97204
Telephone: (503) 323-9000
Facsimile: (503) 323-9019

Case 09-65587-dwh13    Doc 87    Filed 08/08/22

**13.** Plaintiff completed her case on October 28, 2014, receiving the Discharge Order. *Id*. at ¶ 11.

**Response**: Accepted.

**14.** Despite the Discharge Order, Trust 2006-2 sued Plaintiff in the Oregon Circuit Court for Marion County for breach of contract and quantum meruit claims, alleging she still owed $15,207.25 for the student loan she obtained from Charter One. *Id*. at ¶ 12.

**Response**: Accepted that NCSLT 2006-2 sued as alleged, but denied to the extent the statement suggests the loan was discharged by the Discharge Order.

**15.** Trust 2007-3 likewise filed suit against Plaintiff on the same day in the Oregon Circuit Court for Marion County, also asserting claims for breach of contract and quantum meruit. *Id*. at ¶ 13.

**Response**: Accepted that NCSLT 2007-3 sued as alleged, but denied to the extent the statement suggests the loan was discharged by the Discharge Order.

**16.** In the course of Plaintiff's bankruptcy and Defendants' collection efforts, Defendants have provided limited documentation on the nature of Plaintiff's student loans and how they are funded. Decl. Keith Karnes in Supp. Mot. Summ. J, ¶ 2.

**Response**: Defendants object in that "limited" is vague and ambiguous and to the extent the statement suggests something more than was required. Accepted that documentation was provided, otherwise denied.

**17.** There are no loan documents that state or show how the two student loans are excepted from Plaintiff's bankruptcy discharge. *Id*. at ¶¶ 3-4.

**Response**: Denied. *See* Adv. Doc. 21 and Exhibits thereto.

**18.** Defendants' available evidence includes purported original loan agreements, a Guaranty Agreement between The Education Resources Institute, Inc. ("TERI") and Charter One Bank, NA., a Guaranty Agreement between TERI and Bank of America, NA, the Deposit and

Page 4 - **DEFENDANTS' RESPONSE TO PLAINTIFF'S STATEMENT OF FACTS IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT**

Cosgrave Vergeer Kester LLP
900 SW Fifth Avenue, 24th Floor
Portland, Oregon 97204
Telephone: (503) 323-9000
Facsimile: (503) 323-9019

Case 09-65587-dwh13    Doc 87    Filed 08/08/22

Security Agreement for the National Collegiate Student Loan Trust 2006-2, and a Deposit and Security Agreement for the National Collegiate Student Loan Trust 2007-3. *Id*. at ¶ 3.

**Response**: Accepted.

19. Defendants' loan documents only show that the loans were made and issued by either Charter One or BOA, both private, for-profit entities whose loans are generally dischargeable under the Bankruptcy Code. *Id*. at ¶ 4.

**Response**: Denied. *See* Adv. Doc. 21 and Exhibits thereto.

20. Defendants' loan documents, while showing the loans were funded by Defendants or their predecessors, further indicated that The Education Resources Institute, Inc. ("TERI"), a nonprofit entity, was the guarantor for the loans. *Id*. ¶ 5. All references to TERI specifically detail its role as a guarantor and show that the loans were not made or funded by it. *Id*.

**Response**: Accepted that TERI guaranteed (funded) the program pursuant to which the subject loans were issued and accordingly, guaranteed (funded) the subject loans. Otherwise, denied.

21. TERI has disclosed that it does not fund student loans, stating as such in its 2008 Disclosure Statement for Fourth Amended Joint Plan of Reorganization of the Education Resources Institute, Inc. and the Official Committee of Unsecured Creditors ("Disclosure Statement") it submitted when it filed for bankruptcy. Id. at ¶¶ 6-7.

**Response**: The referenced document speaks for itself but accepted generally that TERI guaranteed (funded) the program pursuant to which the subject loans were issued and accordingly, guaranteed (funded) the subject loans. Otherwise, denied.

22. There is nothing in the Disclosure Statement detailing TERI's business practices beyond guaranteeing "private student loans" and providing college access programs in Massachusetts.

Page 5 -   **DEFENDANTS' RESPONSE TO PLAINTIFF'S STATEMENT OF FACTS IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT**

Cosgrave Vergeer Kester LLP
900 SW Fifth Avenue, 24th Floor
Portland, Oregon 97204
Telephone: (503) 323-9000
Facsimile: (503) 323-9019

Case 09-65587-dwh13    Doc 87    Filed 08/08/22

**Response**: The referenced document speaks for itself but accepted generally that TERI guaranteed (funded) the program pursuant to which the subject loans were issued and accordingly, guaranteed (funded) the subject loans. Otherwise, denied.

DATED: August 8, 2022

COSGRAVE VERGEER KESTER LLP

*s/ Robert E. Sabido*
Robert E. Sabido, OSB No. 964168
rsabido@cosgravelaw.com
Telephone: 503-323-9000
Facsimile: 503-323-9019

SESSIONS ISRAEL & SHARTLE

*s/ Brian D. Roth*
Brian D. Roth (Admitted *Pro Hac Vice*)
broth@sessions.legal
Justin Harriss Homes (Admitted *Pro Hac Vice*)
jhomes@sessions.legal
Telephone: 504-828-3700
Facsimile: 504-828-3737

Attorneys for Defendants National Collegiate Student Loan Trust 2006-2 and National Collegiate Student Loan Trust 2007-3

Page 6 -   DEFENDANTS' RESPONSE TO PLAINTIFF'S STATEMENT OF FACTS IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT

Cosgrave Vergeer Kester LLP
900 SW Fifth Avenue, 24th Floor
Portland, Oregon 97204
Telephone: (503) 323-9000
Facsimile: (503) 323-9019

Case 09-65587-dwh13    Doc 87    Filed 08/08/22

# CERTIFICATE OF SERVICE

I hereby certify that on August 8, 2022, I caused the foregoing **DEFENDANTS' RESPONSE TO PLAINTIFF'S STATEMENT OF FACTS IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT** to be electronically filed with the Clerk of the Court using the CM/ECF System which will send notification of such filing to the following:

Keith D. Karnes
Rank & Karnes Law PC
2701 12th St. SE
Salem, OR 97302
keith@rankkarneslaw.com

*Attorneys for Joint Debtor Terra Lyn Stein*

Kristine E. Olsen
POB 3064
Salem, OR 97302
ConfirmKristin@cs.com

*Attorneys for Debtor Steven Alan Stein and Joint Debtor Terra Lyn Stein*

Joe Lozano
Buckley Madole, P.C.
P.O. Box 829009
Dallas, TX 75382-9009
joe.lozano@buckleymadole.com

*Attorneys for Creditor Wells Fargo Bank, N.A.*

Eric A. Marshack
The Mortgage Law Firm, LLC
650 NE Holladay St., Ste. 1600
Portland, OR 97232
eric.marshack@gmail.com

*Attorneys for Creditor Wells Fargo Bank, N.A.*

James K. Miersma
McCarthy Holthus LLP
108 First Ave. South, Ste. 300
Seattle, WA 98104
bknotice@mccarthyholthus.com

*Attorneys for Creditor Wells Fargo Bank, N.A.*

DATED: August 8, 2022

*s/ Robert E. Sabido*
Robert E. Sabido

Page 1 - **CERTIFICATE OF SERVICE**

Cosgrave Vergeer Kester LLP
900 SW Fifth Avenue, 24th Floor
Portland, Oregon 97204
Telephone: (503) 323-9000
Facsimile: (503) 323-9019

Case 09-65587-dwh13    Doc 87    Filed 08/08/22