Robert E. Sabido, OSB No. 964168
rsabido@cosgravelaw.com
COSGRAVE VERGEER KESTER LLP
900 SW Fifth Avenue, 24th Floor
Portland, Oregon 97204
Telephone:    (503) 323-9000
Facsimile:    (503) 323-9019

Brian D. Roth (Admitted *Pro Hac Vice*)
broth@sessions.legal
Justin Harriss Homes (Admitted *Pro Hac Vice*)
jhomes@sessions.legal
SESSIONS, ISRAEL & SHARTLE
3850 N. Causeway Blvd., Suite 200
Metairie, Louisiana 70002
Telephone:    (504) 828-3700
Facsimile:    (504) 828-3737

Attorneys for Defendants National Collegiate Student Loan Trust 2006-2
and National Collegiate Student Loan Trust 2007-3

UNITED STATES BANKRUPTCY COURT

DISTRICT OF OREGON

| | |
|---|---|
| In Re<br><br>STEVEN ALAN STEIN and TERRA LYN STEIN,<br><br>　　　　　Debtors,<br><br>TERRA LYN STEIN,<br><br>　　　　　Plaintiff,<br><br>　　　v.<br><br>NATIONAL COLLEGIATE STUDENT LOAN TRUST 2006-2, a Delaware Statutory Trust; and NATIONAL COLLEGIATE STUDENT LOAN TRUST 2007-3, a Delaware Statutory Trust,<br><br>　　　　　Defendants. | Case No. 09-65587-dwh13<br><br>Adv. Proc. No. 22-06012-dwh<br><br>**DEFENDANTS' REPLY MEMORANDUM IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT, AND RESPONSE TO PLAINTIFF'S OBJECTION TO DECLARATION** |

Page 1 -   **DEFENDANTS' REPLY MEMORANDUM IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT, AND RESPONSE TO PLAINTIFF'S OBJECTION TO DECLARATION**

Cosgrave Vergeer Kester LLP
900 SW Fifth Avenue, 24th Floor
Portland, Oregon 97204
Telephone: (503) 323-9000
Facsimile: (503) 323-9019

Case 09-65587-dwh13    Doc 89    Filed 08/26/22

Defendants National Collegiate Student Loan Trust 2006-2 ("NCSLT 2006-2") and National Collegiate Student Loan Trust 2007-3 ("NCSLT 2007-3") (collectively "Defendants") submit this Reply Memorandum in further support of Defendants' Motion for Summary Judgment (Adv. Doc. 21), and Response to Plaintiff's Objection to Declaration of Bradley Luke (Adv. Doc. 29).

## REPLY MEMORANDUM

The adversary complaint is barred by the doctrine of laches and should be dismissed for that reason alone. But even if the Court were to permit Plaintiff to proceed with her untimely complaint, the subject loans are non-dischargeable as a matter of law and, consequently, Defendants are entitled to judgment in their favor.

**A.  Plaintiff's Adversary Complaint is Barred by the Doctrine of Laches**

Plaintiff asserts that "it would inequitably frustrate her bankruptcy discharge if the loans were dischargeable." Adv. Doc. 30 (Opposition to Defendants' Motion for Summary Judgment), p. 2. As a predicate for this argument, Plaintiff again misstates the law with respect to student loan debts and contends they are presumed dischargeable. *Id.* To the contrary, student loan debts are presumed *non*-dischargeable. In *Tennessee Student Assistance Corp.*, the United States Supreme Court held that "Section 523(a)(8) is 'self-executing'" and that student loans subject to that section are *presumptively* non-dischargeable. 541 U.S. at 450 ((quoting 3 W. Norton, Bankruptcy Law and Practice 2d § 47:52, pp. 47-137, 47-138 (1998)). *See In re Bayhi*, 528 F.3d 393, 396 (5th Cir. 2008) ("a creditor need never file an exception to discharge, because bankruptcy law makes [523(a)(8)] and other § 523(a) exceptions self-executing."); *In re McDaniel*, 973 F.3d 1083, 1090 (10th Cir. 2020) (affirming bankruptcy court's determination that a confirmed Chapter 13 plan that made no mention of dischargeability of debtors' student loans did not discharge debtors' private student loans). "Student loan debt covered by § 523(a)(8) is nondischargeable, unless and until the debtor obtains the bankruptcy court's

Page 2 -  **DEFENDANTS' REPLY MEMORANDUM IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT, AND RESPONSE TO PLAINTIFF'S OBJECTION TO DECLARATION**

Cosgrave Vergeer Kester LLP
900 SW Fifth Avenue, 24th Floor
Portland, Oregon 97204
Telephone: (503) 323-9000
Facsimile: (503) 323-9019

determination that such debt is dischargeable . . . ." *In re Taylor*, No. ADV. 11-02356, 2012 WL 1957984, at *4 (B.A.P. 9th Cir. May 31, 2012) (unpublished).

In the Credit Agreements, Plaintiff explicitly acknowledged and agreed the loans are non-dischargeable. Specifically, in paragraph L.12 of the Credit Agreement for the first loan, Plaintiff "**acknowledge[d] that this loan is subject to the limitations on dischargeability in bankruptcy contained in Section 523(a)(8) of the United States Bankruptcy Code.**" *See* Adv. Doc. 21 (Defendants' Motion for Summary Judgment ["Defendants' Motion"]), Exhibit D, Declaration of Bradley Luke, ¶ 11 & Exhibit D-2 attached thereto Credit Agreement AB.05-06.CSX1.10CFS.0205, at L.12 (emphasis in original). Similarly, in paragraph L.12 of the Credit Agreement for the second loan, Plaintiff "**acknowledge[d] that the requested loan is subject to the limitations on dischargeability in bankruptcy contained in Section 523(a)(8) of the United States Bankruptcy Code . . . . This means that if, in the event of bankruptcy, my other debts are discharged, I will probably still have to pay this loan in full.**"). *Id.*, ¶ 12 & Exhibit D-3 Credit Agreement BK.07-08.CSX1.10DC.0107 at L.12 (emphasis in original). Accordingly, Plaintiff has been aware for 16 and 17 years, respectively, that the Loans are non-dischargeable, having expressly acknowledged that fact when she incurred the Loans.

At this point, even Plaintiff must concede that the subject loans were not discharged by the Court's October 28, 2014 discharge, which explicitly provided that debts "for a student loan[] as specified in 11 USC §523(a)(8)" were not discharged. *See* Doc. 55. Accordingly, it was incumbent on Plaintiff to have sought a determination of dischargeability during her bankruptcy and prior to discharge if she believed the student loans could or should have been discharged. Plaintiff suggests that in the eight years that elapsed from her discharge to the filing of the Adversary Complaint, she was not made aware of her legal rights to dispute the debt until this year. *See* Adv. Doc. 30, p. 2. Plaintiff's opposition argument highlights why her ignorance is simply implausible and/or inexcusable.

Page 3 - **DEFENDANTS' REPLY MEMORANDUM IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT, AND RESPONSE TO PLAINTIFF'S OBJECTION TO DECLARATION**

Cosgrave Vergeer Kester LLP
900 SW Fifth Avenue, 24th Floor
Portland, Oregon 97204
Telephone: (503) 323-9000
Facsimile: (503) 323-9019

Case 09-65587-dwh13    Doc 89    Filed 08/26/22

> *Despite Plaintiff being represented throughout her chapter 13 bankruptcy*, there is no evidence that she was provided an opportunity to dispute the debt or lacked diligence in pursuing these claims. *Even after multiple judgments and garnishments*, Plaintiff, was only informed of her right to dispute the dischargeability of her student loans years later. Therefore, *despite the length of time from Plaintiff's date of filing for her bankruptcy, her discharge, and subsequent actions in Oregon Circuit Court*, there is no evidence that she lacked diligence in pursuing her claims.

Adv. Doc. 30, pp. 3-4 (emphasis added). Whether a result of her own inaction or that of her attorneys, the delay in seeking a discharge determination surely demonstrates a lack of diligence.

Plaintiff argues Defendants were not prejudiced by her lack of diligence. As demonstrated in their motion, however, Defendants incurred documented hard costs. Also, the years Defendants invested in obtaining and executing (or attempting to execute) on judgments obviously generated tangible and intangible burdens and costs, all the while Plaintiff, without excuse, sat on her rights. In addition, there are preservation-of-evidence considerations. As noted in their opposition to Plaintiff's motion for summary judgment, although Defendants believe that the loans are also exempted as qualified educational loans, Defendants did not move for summary judgment on this exemption because of the fact-intensive nature of the analysis requiring discovery regarding Plaintiff's education expenses dating back to 2006. Plainly, obtaining and reconstructing this evidence necessarily becomes progressively more difficult, if even possible, as more time passes. Indeed, under Plaintiff's analysis, she could be excused for waiting an additional twenty or thirty years to seek a determination of dischargeability, as a discharge claim is effectively imprescriptible. Obviously, that cannot be the law.

Plaintiff stood on her rights for more than a decade and fails to provide any justification for her delay. Nor can she. The Court should hold that Plaintiff's untimely attempt to determine the dischargeability of the loans is barred by the doctrine of laches.

Page 4 - **DEFENDANTS' REPLY MEMORANDUM IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT, AND RESPONSE TO PLAINTIFF'S OBJECTION TO DECLARATION**

Cosgrave Vergeer Kester LLP
900 SW Fifth Avenue, 24th Floor
Portland, Oregon 97204
Telephone: (503) 323-9000
Facsimile: (503) 323-9019

Case 09-65587-dwh13    Doc 89    Filed 08/26/22

**B. Plaintiff's Student Loan is Exempt from Discharge Because it was Made Under a Program Funded by a Non-Profit Institution**

In her Opposition to Defendants' Motion, Plaintiff argues that "Defendants have failed to meet their evidentiary burden because their evidence fails to show TERI 'funded' Plaintiff's loan or loan programs." Adv. Doc. 30, p. 5. This contention is directly contradicted, however, by Plaintiff's acceptance of the following statement of material fact:

> 21. The loan programs pursuant to which the Loans were issued were guaranteed by The Education Resources Institute ("TERI"), a non-profit institution. *See* Luke Declaration at ¶ 11; Loan One Credit Agreement at L.12 (Exhibit D-2) ("**I understand that you have purchased a guaranty of this loan, and that this loan is guaranteed by The Education Resources Institute, Inc. ("TERI"), a non-profit institution.**") (emphasis in original); Luke Declaration at ¶ 12; Loan Two Credit Agreement (Exhibit D-3) at L.12 ("**this loan was made pursuant to a program funded in whole or in part by The Education Resources Institute, Inc. ("TERI"), a non-profit institution . . .**") (emphasis in original).

*See* Adv. Doc. 22 (Defendants' Statement of Uncontested Material Facts), ¶ 21 & Adv. Doc. 31 (Plaintiff's Response to Defendants' Statement of Uncontested Material Facts), ¶ 21. These operative facts are fully developed and supported in Defendants' Statement of Uncontested Material Facts offered in support of their motion for summary judgment, all of which Plaintiff accepted. *See* Adv. Doc. 22, ¶¶ 21-24 & Adv. Doc. 31, ¶¶ 21-24.[1] Accordingly, the only question before the Court with respect to the Non-Profit Loan Program exemption is a legal one – whether TERI's funding of the loan programs and guarantee of the loans is sufficient to meet the "funded in whole or in part" requirement of § 523(a)(8)(A)(i).

The law on this issue is fully set forth in Defendants' Motion (Adv. Doc. 21) and again in Defendants' Opposition to Plaintiff's Motion for Summary Judgment (Adv. Doc. 28), and will not be reiterated here except to note that every court to consider the issue has ruled that TERI's guaranty arrangement meets the requirements of § 523(a)(8)(A)(i) and the loans are accordingly non-dischargeable.

---

[1] Plaintiff added a caveat to ¶ 22 denying independent knowledge of the facts asserted, but she did not cite any contrary facts.

Page 5 - **DEFENDANTS' REPLY MEMORANDUM IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT, AND RESPONSE TO PLAINTIFF'S OBJECTION TO DECLARATION**

Cosgrave Vergeer Kester LLP
900 SW Fifth Avenue, 24th Floor
Portland, Oregon 97204
Telephone: (503) 323-9000
Facsimile: (503) 323-9019

In the single case cited by Plaintiff, *In re Palmer*, 2021 WL 1259258 (Bankr. N.D. Ohio Mar. 31, 2021), the court adopted the analysis employed by the Second Circuit in *In re O'Brien*, 419 F.3d 104, 106 (2d Cir. 2005), and all the district courts to have considered the issue, in holding that guaranties of a loan program by a nonprofit is sufficient to cause a student loan program to be a "program funded ... by a nonprofit institution" per the requirement of § 523(a)(8)(A)(i). *Palmer*, 2021 WL 1259258 at *8 (citing *O'Brien*, 419 F.3d at 106). The issue in *Palmer* was whether sufficient evidence was submitted to establish nondischargeability. Working from a trial record described as "thin," the court found that the credit agreement in that case, standing alone, was insufficient to carry the burden of proof that the loan was made pursuant to a program funded in whole or in part by a nonprofit institution.

Here, in contrast, in addition to the Credit Agreements, Defendants submitted the respective Form 8-K filings by Defendants, which both reference and include the subject guaranty agreements in multiple places throughout the document. *See* Adv. Doc. 21, Exhibit E-1, pp. 75, 95 & Exhibit E-2, pp. 99, 217. The Form 8-K filings confirm the loan programs under which the subject loans were issued were guaranteed by TERI. The same filings also reference the specific Pool Supplements pursuant to which the subject loans were assigned to Defendants. *See* Adv. Doc. 21, Exhibit D-6, Exhibit E-1, pp. 77, 141, Exhibit D-8, & Exhibit E-2, p. 430. Finally, the Luke Declaration explicitly provides that TERI was the guarantor for both the Charter Loan Program and the Bank of America Loan Program, and the subject loans. *See* Adv. Doc. 21, Exhibit D, ¶ 16 & Exhibits D-2 and D-3.

Defendants have established a *prima facia* case that the subject loans were made under programs guaranteed (and therefore funded in part) by TERI. Plaintiff's protestations that she is without independent information or knowledge to the contrary, or that the underlying Credit Agreements were "contracts of adhesion," are immaterial and of no evidentiary value. Defendants are entitled to judgment as a matter of law.

Page 6 - **DEFENDANTS' REPLY MEMORANDUM IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT, AND RESPONSE TO PLAINTIFF'S OBJECTION TO DECLARATION**

Cosgrave Vergeer Kester LLP
900 SW Fifth Avenue, 24th Floor
Portland, Oregon 97204
Telephone: (503) 323-9000
Facsimile: (503) 323-9019

# RESPONSE TO OBJECTION

In connection with her opposition to Defendants' Motion, Plaintiff filed a separate objection to the Declaration of Bradley Luke (Adv. Doc. 29). While Plaintiff lodges a general objection as to Luke's competency as a records custodian, Plaintiff fails to identify with any specificity what information or portion of the documents attached to the declaration should be excluded from consideration and how that information or those documents are material to Defendants' Motion. In fact, Plaintiff accepted all the material facts with respect to the relevant loan documents, *see* Adv. Doc. 22 (Defendants' Statement of Uncontested Material Facts), ¶ 21 & Adv. Doc. 31 (Plaintiff's Response to Defendants' Statement of Uncontested Material Facts), ¶ 21, and the Luke Declaration is largely superfluous at this stage. In any event, Plaintiff misstates the law regarding the business records exception.

The business records exception to the hearsay rule applies to records received by a business from third parties, so long as: (1) the records are kept in the regular course of that business; (2) the business relies upon those records; and (3) the business has a substantial interest in the accuracy of those records. *See In re Harms*, 603 B.R. 19, 30 (9th Cir. (BAP) 2019) (in order to be a qualified witness under the business records exception, the custodian does not need to personally know when and by whom the records actually were prepared as long as he is able to competently testify that these types of records generally are made at or near the time of the occurrences recorded by persons with personal knowledge or from information transmitted by persons with personal knowledge); *ABS Entertainment, Inc. v. CBS Corporation*, 908 F.3d 405, 426 (9th Cir. 2018) (business records exception to hearsay rule only requires someone with knowledge about the record-keeping, not necessarily an employee of the business or someone with knowledge of how the reports were made or maintained); *U-Haul Intern., Inc. v. Lumbermens Mut. Cas. Co.*, 576 F.3d 1040, 1044–45 (9th Cir. 2009) (under the business records

Page 7 -  **DEFENDANTS' REPLY MEMORANDUM IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT, AND RESPONSE TO PLAINTIFF'S OBJECTION TO DECLARATION**

Cosgrave Vergeer Kester LLP
900 SW Fifth Avenue, 24th Floor
Portland, Oregon 97204
Telephone: (503) 323-9000
Facsimile: (503) 323-9019

Case 09-65587-dwh13    Doc 89    Filed 08/26/22

exception to the hearsay rule, it is not necessary for each individual who entered a record of payment into a database to testify as to the accuracy of each piece of data entered).

In his declaration, Mr. Luke avers that he is employed by Transworld Systems Inc., the subservicer and record custodian of defaulted student loans owned by NCSLT 2006-2 and NCSLT 2007-3, including the subject loans. *See* Adv. Doc. 21, Exhibit D (Luke Declaration), ¶ 1. In the interest of brevity, Defendants will not replicate his averments here, but the Declaration sets forth each of the averments required to be a qualified witness under the business records exception and his competency to testify thereon. *See id*., ¶¶ 1-10.

Plaintiff's objection to the Luke Declaration is immaterial and, in any event, without legal basis. The Court should disregard it.

## CONCLUSION

For the foregoing reasons, this Court should grant summary judgment to Defendants, enter judgment in Defendants' favor, dismiss the Adversary Complaint with prejudice, and deny the associated Motion for Contempt.

DATED: August 26, 2022

COSGRAVE VERGEER KESTER LLP

*s/ Robert E. Sabido*
Robert E. Sabido, OSB No. 964168
rsabido@cosgravelaw.com
Telephone: 503-323-9000
Facsimile: 503-323-9019

SESSIONS ISRAEL & SHARTLE

*s/ Brian D. Roth*
Brian D. Roth (Admitted *Pro Hac Vice*)
broth@sessions.legal
Justin Harriss Homes (Admitted *Pro Hac Vice*)
jhomes@sessions.legal

Page 8 -   **DEFENDANTS' REPLY MEMORANDUM IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT, AND RESPONSE TO PLAINTIFF'S OBJECTION TO DECLARATION**

Cosgrave Vergeer Kester LLP
900 SW Fifth Avenue, 24th Floor
Portland, Oregon 97204
Telephone: (503) 323-9000
Facsimile: (503) 323-9019

Case 09-65587-dwh13    Doc 89    Filed 08/26/22

Telephone: 504-828-3700
Facsimile: 504-828-3737

Attorneys for Defendants National Collegiate
Student Loan Trust 2006-2 and National
Collegiate Student Loan Trust 2007-3

Page 9 -   **DEFENDANTS' REPLY MEMORANDUM IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT, AND RESPONSE TO PLAINTIFF'S OBJECTION TO DECLARATION**

Cosgrave Vergeer Kester LLP
900 SW Fifth Avenue, 24th Floor
Portland, Oregon 97204
Telephone: (503) 323-9000
Facsimile: (503) 323-9019

# CERTIFICATE OF SERVICE

I hereby certify that on August 26, 2022, I caused the foregoing **DEFENDANTS' REPLY MEMORANDUM IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT, AND RESPONSE TO PLAINTIFF'S OBJECTION TO DECLARATION** to be electronically filed with the Clerk of the Court using the CM/ECF System which will send notification of such filing to the following:

Keith D. Karnes
Keegan F. Rank
Rank & Karnes Law PC
2701 12th St. SE
Salem, OR 97302
keith@rankkarneslaw.com
keegan@rankkarneslaw.com

*Attorneys for Joint Debtor Terra Lyn Stein*

Kristine E. Olsen
POB 3064
Salem, OR 97302
ConfirmKristin@cs.com

*Attorneys for Debtor Steven Alan Stein and Joint Debtor Terra Lyn Stein*

Joe Lozano
Buckley Madole, P.C.
P.O. Box 829009
Dallas, TX 75382-9009
joe.lozano@buckleymadole.com

*Attorneys for Creditor Wells Fargo Bank, N.A.*

Eric A. Marshack
The Mortgage Law Firm, LLC
650 NE Holladay St., Ste. 1600
Portland, OR 97232
eric.marshack@gmail.com

*Attorneys for Creditor Wells Fargo Bank, N.A.*

James K. Miersma
McCarthy Holthus LLP
108 First Ave. South, Ste. 300
Seattle, WA 98104
bknotice@mccarthyholthus.com

*Attorneys for Creditor Wells Fargo Bank, N.A.*

DATED: August 26, 2022

*s/ Robert E. Sabido*
Robert E. Sabido

Page 1 - **CERTIFICATE OF SERVICE**

Cosgrave Vergeer Kester LLP
900 SW Fifth Avenue, 24th Floor
Portland, Oregon 97204
Telephone: (503) 323-9000
Facsimile: (503) 323-9019

Case 09-65587-dwh13    Doc 89    Filed 08/26/22